IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOUGLAS S. BACHARACH,
    Petitioner,

vs.                                     Case No.:  3:04cv4/RS/EMT

JAMES R. McDONOUGH,[1]
    Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

      Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 4).  Respondent filed an answer, including relevant portions of the state court record (Docs. 7, 8).  Petitioner was provided an opportunity to file a reply (Doc. 11), but did not do so.

      This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After a careful review of the state court proceedings and consideration of all issues raised by Petitioner, it is the opinion of the undersigned that an evidentiary hearing is not required for disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

    I.    BACKGROUND

      Petitioner is a Florida inmate currently incarcerated at the River Junction Work Camp.  In June 1996, Petitioner was charged with trafficking in cocaine, conspiracy to traffick in cocaine, sale and delivery of marijuana, and possession of marijuana over twenty grams (Doc. 8, Ex. A-1 at 1-2).

---

[1] James R. McDonough succeeded James Crosby as Secretary for the Department of Corrections, and is automatically substituted as Respondent.  *See* Fed. R. Civ. P. 25(d)(1).

On May 28, 1997, Petitioner, prior to entering a plea or being sentenced, filed a "Motion to Compel Prosecution to Move to Reduce Sentence," contending that the prosecutor advised Petitioner's counsel that if Petitioner provided substantial assistance to law enforcement, the prosecutor would file a motion to reduce Petitioner's sentence (Doc. 8, Ex. A-1 at 89-94). In Petitioner's motion, he alleged that he had met with law enforcement and provided truthful information regarding the buying and selling of marijuana, yet the prosecution failed to "keep its end of the agreement" by refusing to file a motion to reduce sentence (*id.* at 92-94). Additionally, on June 2, 1997, Petitioner filed a motion to dismiss the information, alleging that the police "manufactured the crime" (*id.* at 95).

On June 2, 1997, the trial court conducted hearings on both motions, and following oral argument, denied both motions (*id.* at 9-62). Later the same day, Petitioner pled nolo contendere to all counts as charged (*id.* at 65-87, 97-98). The conditions of the plea were, that if Petitioner pled nolo contendere to the information, the court would set bail at $25,000.00 and allow Petitioner the opportunity to perform substantial assistance within 120 days (*id.* at 66, 97-98).

Petitioner was scheduled to be sentenced on October 30, 1997 (*id.* at 86); however, Petitioner failed to appear for sentencing and a warrant was issued for his arrest (Doc. 8, Ex. AA ¶ 92). Petitioner was rearrested on April 28, 2001 (Doc. 8, Ex. AA ¶ 114). After Petitioner's sentencing was rescheduled several times, he was finally sentenced on December 19, 2001, at which time he was adjudicated guilty on all charges, and the court imposed a 15-year mandatory minimum sentence on the cocaine trafficking and conspiracy charges and 60-month sentences on the marijuana charges, all sentences to run concurrently (Doc. 8, Ex. AA; Ex. A-1 at 144-52).

Petitioner filed a notice of appeal on January 7, 2002 (Doc. 8, Ex. A-1 at 153). On direct appeal to the First District Court of Appeal of Florida (First DCA), Petitioner's counsel submitted a brief in accordance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), asserting the unavailability of good faith arguments of error (Doc. 8, Ex. A-2). Counsel also moved that Petitioner be allowed to file a pro se brief, and Petitioner did so (*id.,* Exs. A-3, A-6). In Petitioner's pro se brief, he raised the following grounds for relief:

> Ground one:  Trial court erred in denying Defendant's 'Motion to Dismiss' based upon police misconduct.

>    Ground two: Trial court erred in denying Defendant's 'Motion to Compell [sic]' State to file for reduction on [sic] sentence based upon substantial assistance.
>
>    Ground three: State attorney breached plea agreement.

(Doc. 8, Ex. A-6). On August 26, 2002, the First DCA affirmed Petitioner's conviction per curiam, without an opinion (Doc. 8, Ex. A-9; Bacharach v. State, 826 So.2d 283 (Table) (Fla. 1st DCA August 26, 2002)). The mandate was issued September 23, 2002 (Doc. 8, Ex. A-10).

Petitioner also sought post-conviction relief under Florida Rule of Criminal Procedure 3.850 by a motion filed on March 26, 2003, in which he raised the following grounds for relief:

>    Ground 1: Defendant was denied effective assistance of counsel when his trial lawyer advised him to plead nolo contendere to the charges, because he had no defense where the police videotaped his involvement during a sting operation, where the record is replete with evidence of entrapment.
>
>    Ground 2: Trial counsel was ineffective in allowing the defendant to plead nolo contendere and be punished in violation of double jeopardy for sale and delivery and possession of the same substance, marijuana.

(Doc. 8, Ex. B-1 at 1-8). The trial court denied Petitioner's motion on May 27, 2003 and denied rehearing on June 24, 2003 (Doc. 8, Ex. B-1 at 9-10, 16). Petitioner appealed, and the First DCA affirmed denial of post-conviction relief per curiam, without an opinion (Doc. 8, Ex. B-1 at 17-21; Ex. B-5; Bacharach v. State, 861 So.2d 25 (Table) (Fla. 1st DCA November 21, 2003 )). The mandate was issued December 17, 2003 (Doc. 8, Ex. B-6).

In the instant federal habeas action, Petitioner asserts three grounds for relief:

>    Ground one: The trial court erred in summarily denying Petitioner's claim that his trial counsel was ineffective for advising him to plead no contest to the charges of trafficking and conspiracy to traffick in cocaine because entrapment was not a defense where his participation in the police drug sting operation was caught on video tape, without conducting an evidentiary hearing or attaching record refuting the Petitioner's allegations of counsel's ineffectiveness.
>
>    Ground two: The trial court erred in summarily denying Petitioner's claim that the trial court erred in denying his motion to compel the state to, in accordance with a plea agreement between the state and the Petitioner, request a reduction in sentence

under a substantial assistance agreement.[2]

Ground three: The trial court erred in denying the Petitioner's 'Motion to Dismiss' where [the] record supported the Petitioner's claim of police misconduct.

(Doc. 4 at 4-5).

Respondent acknowledges the instant federal petition was timely filed (Doc. 7 at 5).

II.   STANDARD OF REVIEW

Section 2254(a) of Title 28 provides, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States."  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for federal habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19.

Section 2254 now provides:

(d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless   the adjudication of the claim–
 (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
 (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (West Supp. 2001).

The United States Supreme Court explained the framework of review under § 2254(d)(1) in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).[3]  The appropriate test

---

[2] Although Petitioner asserts trial court error, it appears Petitioner intended to assert that the First DCA erred in denying his claim that the trial court erred in denying his motion to compel the state to request a reduction in his sentence in accordance with a plea agreement.

[3] Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-375, 390-399, 120 S. Ct. at 1499-1503, 1511-1516); and Justice O'Connor for the Court (joined by Justices

in habeas cases was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13; Ramdass v. Angelone, 530 U.S. 156, 120 S.Ct. 2113, 2119-20, 147 L.Ed.2d 125 (2000).

In deciding whether a state court decision involved "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding" under § 2254(d)(2), determinations of fact are "presumed to be correct," unless the presumption is rebutted by Petitioner "by clear and convincing evidence." § 2254(e)(1); *see* Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003); Fugate v. Head, 261 F.3d 1206, 1215 (11th Cir. 2001), *cert. denied*, 535 U.S. 1104, 122 S. Ct. 2310, 152 L. Ed. 2d 1065 (2002) (quoting 28 U.S.C. § 2254(e)(1)); Parker v. Head, 244 F.3d 831, 835-36 (11th Cir. 2001) (citing § 2254(d)(2) and (e)(1)); *see also* Crawford v. Head, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides a "highly deferential standard of review" of the state court's factual determinations). Although Williams set forth the Supreme Court's interpretation of § 2254(d)(1), not § 2254(d)(2), the Court subsequently enunciated the § 2254(d)(2) standard:

> Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on

---

Rehnquist, Kennedy, Thomas, and –-except as to the footnote – Scalia) in part II (529 U.S. at 403-413, 120 S.Ct. at 1518-1523). The opinion of Justice Stevens in Part II was joined by Souter, Ginsburg, and Breyer.

>factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2); see also Williams, 529 U.S. at 399, 120 S.Ct. 1495 (opinion of O'CONNOR, J.).

Miller-El, 537 U.S. 322, 123 S. Ct. at 1041 (dicta).

The Eleventh Circuit has developed a three-step process for applying the Williams test to any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding. *See* Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002); Robinson v. Moore, 300 F.3d 1320, 1343-45 (11th Cir. 2002). First, the court must ascertain the controlling legal principles that are clearly established by the Supreme Court at the time of the state court adjudication. Wellington, 314 F.3d at 1260; Robinson, 300 F.3d at 1343. Second, the court must determine whether the state court adjudication was contrary to the clearly established Supreme Court law. Wellington, 314 F.3d at 1260, Robinson, 300 F.3d at 1344. "The 'contrary to' clause in § 2254(d)(1) 'suggests that the state court's decision must be substantially different' from the relevant Supreme Court precedent." Wellington, 314 F.3d at 1260 (quoting Fugate, 261 F.3d at 1216 (quoting Williams, 529 U.S. at 405)). "Although a state court's decision that 'applies a rule that contradicts' the governing Supreme Court law is 'contrary,' a state court decision that applies 'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law." Wellington, 314 F.3d at 1260 (citing and quoting Williams, 529 U.S. at 404-06). If the state court applied the correct Supreme Court precedent, and the United States Supreme Court, faced with materially indistinguishable facts, has not reached a decision different from the decision reached by the state court in the petitioner's case, the case does not fit within the "contrary to" clause, and the federal habeas court must proceed to the third step and determine whether the state court "unreasonably applied the relevant Supreme Court authority." Fugate, 261 F.3d at 1216. Likewise, if the facts of the Supreme Court cases and the petitioner's case are <u>not</u> substantially similar, "a state court decision that applies 'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law." *Id.* (citing and quoting Williams, 529 U.S. at 406). A state court is not required to cite Supreme Court cases or even be

aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002).

The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 410. The Supreme Court has explained that "a federal habeas court may not issue a writ under the unreasonable application clause 'simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Bell v. Cone, 535 U.S. 685, 122 S. Ct. 1843, 1850, 152 L. Ed. 2d 914 (2002) (quoting Williams, 529 U.S. at 411). Indeed, "[t]he gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 123 S. Ct. 1166, 1175, 155 L. Ed. 2d 144 (2003). A state court's incorrect application of clearly established law will be held to be reasonable and not warrant a writ unless "thorough analysis by a federal court produces a firm conviction that that [the state court] judgment is infected by constitutional error." Williams, 529 U.S. at 389. "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations." Yarborough v. Alvarado, 541 U.S. 652, 124 S.Ct. 2140, 2149, 158 L.Ed.2d 938 (2004) (citation omitted). Although § 2254(d)(1) is concerned only with federal law as clearly established by the Supreme Court, this Court may look to circuit precedent to demonstrate reasonable applications of Supreme Court precedent. Van Poyck v. Fla. Dep't of Corrections, 290 F.3d 1318, 1322 n. 4 (11th Cir. 2002).

III. EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[4] thereby giving

---

[4]Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is an absence of available State corrective process; or
       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .

Case No.: 3:04cv4/RS/EMT

the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365-66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277-78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.*, 404 U.S. at 278, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. In Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. *Id.* 459 U.S. at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." Anderson, 459 U.S. at 7 (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim

---

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Case No.: 3:04cv4/RS/EMT

merely because the defendant in the cited case advanced a federal claim. *Id.*, 459 U.S. at 7 and n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364. The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[5] The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." Duncan, 513 U.S. at 365-66. Recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). The Baldwin Court commented that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.*

Prior to Duncan, the Eleventh Circuit broadly interpreted the "fair presentation" requirement. *See*, *e.g.*, Watson v. Dugger, 945 F.2d 367 (11th Cir. 1991) (finding issue to be exhausted when petitioner argued in state court that trial court had failed to follow state law which required proof of all elements of the crime, and argued in federal court that this was a due process violation); Mattox v. Dugger, 839 F.2d 1523 (11th Cir. 1988) (holding that a federal habeas corpus petition should not be dismissed on grounds of procedural default when a petitioner has previously brought

---

[5]The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

Case No.: 3:04cv4/RS/EMT

an issue before a state court alleging only state law violations, when such a claim is equally supported by federal law, and the state cites such federal law in support of its position). However, after Duncan, the Eleventh Circuit has taken a more restrictive approach. For example, in Zeigler v. Crosby, the Circuit Court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the Federal Constitution. 345 F.3d 1300, 1307 (11th Cir. 2003). The court specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words: "Appellant was denied due process and a fair trial . . .," which could be interpreted as asserting a fair trial claim under the Florida Constitution and Florida's Due Process Clause. *Id.* at 1308 n.5. The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases. The court concluded that petitioner's "[c]ursory and conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to us." *Id.*

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. O'Sullivan, 526 U.S. at 839-40, 848. This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* Coleman v. Thompson, 501 U.S. 722, 734-35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991). However, a petitioner may obtain federal review of his claim if the state procedural rule is applied in an "arbitrary or unprecedented fashion," Judd v. Haley, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly unfair manner. Ford v. Georgia, 498 U.S. 411,

424-25, 111 S. Ct. 850, 858, 112 L. Ed. 2d 935 (1991); Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. Tower, 7 F.3d at 210; Parker, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. Tower, 7 F.3d at 210. To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

Within this framework, the court will review Petitioner's claims.

IV. PETITIONER'S CLAIMS

A. "Ground one: The trial court erred in summarily denying Petitioner's claim that his trial counsel was ineffective for advising him to plead no contest to the charges of trafficking and conspiracy to traffic in cocaine because entrapment was not a defense where his participation in the police drug sting operation was caught on video tape, without conducting an evidentiary hearing or attaching record refuting the Petitioner's allegations of counsel's ineffectiveness."

In the instant case, Petitioner casts his federal claim not as one of ineffective assistance of counsel, but of the state court's error in summarily denying Petitioner's claim that his counsel was ineffective (Doc. 4 at 4). Petitioner argues that he should have received an evidentiary hearing on

his ineffective assistance of counsel claim or that the trial court should have attached the portion of the record relied upon to refute Petitioner's ineffective assistance of counsel allegations (*id.* at 4e).

The Supreme Court has indicated that the Constitution does not require that states provide post-conviction review or any other collateral proceedings beyond direct appeal. *See* Murray v. Giarratano, 492 U.S. 1, 10, 109 S. Ct. 2765, 2770, 106 L. Ed. 2d 1 (1989); Pennsylvania v. Finley, 481 U.S. 551, 557, 107 S. Ct. 1990, 1994, 95 L. Ed. 2d 539 (1987); United States v. MacCollom, 426 U.S. 317, 322, 96 S. Ct. 2086, 2090, 48 L. Ed. 2d 666 (1976). Correspondingly, virtually every circuit court, including the Eleventh Circuit, has ruled that errors in the process or substance of state court collateral proceedings are not cognizable on federal habeas review. This is so, because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself. *See* Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (per curiam) (concluding § 2254 claim that petitioner's due process rights were violated when state post-conviction court held no evidentiary hearing and failed to attach appropriate portions of record to its opinion "goes to issues unrelated to the cause of petitioner's detention [and] does not state a basis for habeas relief"); Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997); Montgomery v. Meloy, 90 F.3d 1200, 1206 (7th Cir. 1996); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993); Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990); Bryant v. Maryland, 848 F.2d 492, 492 (4th Cir. 1988); Kirby v. Dutton, 794 F.2d 245, 247 (6th Cir. 1986); Williams v. State, 640 F.2d 140, 143-44 (8th Cir. 1981); *but see* Dickerson v. Walsh, 750 F.2d 150, 153 (1st Cir. 1984) (noting position of other circuits on the question and concluding that federal habeas was proper avenue for attacking state post-conviction proceedings, but ultimately finding that the petitioner failed to properly exhaust his state remedies). Thus, because Petitioner's claim does not represent a constitutional challenge to his confinement, but merely a challenge to the procedure used by the state court in a post-conviction matter, it does not constitute grounds for habeas relief.

To the extent Petitioner argues that his counsel was ineffective for misadvising him to plead nolo contendere, Petitioner's claim must fail. An assertion of "ineffective assistance of counsel" without more does not fairly present a federal claim. Baldwin, 541 U.S. at 33. In Baldwin, Michael Reese was convicted under Oregon law, then brought collateral relief proceedings in state court.

*Id.* at 29. After the lower courts denied collateral relief, Reese filed a petition for discretionary review by the Oregon Supreme Court, asserting ineffective assistance of both trial and appellate counsel. *Id.* The petition stated that the conduct of Reese's trial counsel violated several provisions of the Federal Constitution, but did not state that his separate ineffective assistance of appellate counsel violated federal law. *Id.* at 30. The Oregon Supreme Court denied review and Reese ultimately sought a federal writ of habeas corpus asserting, among other claims, a federal constitutional claim that his appellate counsel did not effectively represent him. *Id.* The United States Supreme Court held that Reese's claim of ineffective assistance of appellate counsel was not fairly presented to the state court. *Id.* at 32. In so holding, the Court rejected Reese's argument that "ineffective" assistance of counsel was a term of art that referred only to federal (versus state) law claims. *Id.* at 33.

In Petitioner's motion for post-conviction relief, Petitioner argued he was denied effective assistance of counsel when his trial counsel advised him to plead nolo contendere (Doc. 8, Ex. B-1, 3-5). However, Petitioner did not indicate that his ineffective assistance claim was based on a violation of federal law, nor did he cite to the Federal Constitution or to any case law discussing the Federal Constitution. Petitioner merely argued that he was entrapped into dealing cocaine and that his counsel was ineffective for failing to inform him that entrapment was a defense (*id.*). Petitioner's motion could be interpreted as asserting an ineffective assistance of counsel claim under the Florida Constitution. *See* Desinger v. State of Florida, 574 So.2d 268 (Fla. 5th DCA 1991) (recognizing ineffective assistance of counsel claim based on violation of Florida Constitution). Therefore, this court concludes that Petitioner failed to fairly present a federal claim to the state courts. *See* Baldwin, 541 U.S. at 33; Zeigler 345 F.3d at 1307.

Furthermore, Petitioner is now precluded under state law from re-arguing the issue on appeal. As discussed *supra*, an issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. *See* O'Sullivan, 526 U.S. at 839-40, 848.

Moreover, Petitioner has failed to demonstrate cause for his failure to present his claim to the state courts. Therefore, Petitioner is not entitled to federal habeas review of his ineffective assistance of counsel claim.

  B.  "Ground two: The trial court erred in summarily denying Petitioner's claim that the trial court erred in denying his motion to compel the state to, in accordance with a plea agreement between the state and the Petitioner, request a reduction in sentence under a substantial assistance agreement."

 Petitioner argues that he provided law enforcement with information regarding the sale of marijuana, but the prosecution defaulted on its promise to move to reduce his sentence (Doc. 4 at 4). Respondent argues that this ground is waived by Petitioner's nolo contendere plea (Doc. 7 at 12-17).

 A plea of guilty or nolo contendere prevents a defendant from raising claims of constitutional violations in a habeas corpus petition relating to events that occurred prior to the entry of the plea. *See* Tollett v. Henderson, 411 U.S. 258, 266-67, 93 S. Ct. 1602, 37 L. Ed. 2d 235 (1973) (holding that a plea of guilty prevents a defendant from raising claims that the grand jury was unconstitutionally selected); McMann v. Richardson, 397 U.S. 759, 772, 90 S. Ct. 1441, 25 L. Ed. 763 (1970) (holding that a plea of guilty in a state court is not subject to collateral attack in a federal court on the ground that it was motivated by a coerced confession unless the defendant was incompetently advised by his attorney); Stano v. Dugger, 921 F.2d 1125, 1150-51 (11th Cir. 1991) (stating that the Supreme Court has given finality to guilty pleas by precluding claims of constitutional deprivations occurring prior to entry of the plea); Tiemens v. United States, 724 F.2d 928, 929 (11th Cir. 1984) (holding that a guilty plea waives all non-jurisdictional defects occurring prior to the time of the plea, including alleged violations of defendant's rights to a speedy trial and due process); United States v. Broome, 628 F.2d 403, 404-05 (5th Cir. 1980) (holding that an attack on the sufficiency of the evidence was waived by entering a plea of nolo contendere); Williams v. Wainwright, 604 F.2d 404, 406-07 (5th Cir. 1979) (holding that defendant's voluntary plea of nolo contendere waived all non-jurisdictional defects). *See also* Hudson v. United States, 272 U.S. 451, 455, 47 S. Ct 127, 71 L. Ed. 347 (1926) (stating that a plea of nolo contendere is, like a plea of guilty, an admission of guilt for purposes of the case); Carter v. Collins, 918 F.2d 1198, 1200 n.1 (5th Cir. 1990) (stating that because a plea of nolo contendere is treated as an admission of guilt, the law applicable to a guilty plea is also applicable to a plea of nolo contendere).

 In the instant case, Petitioner filed a "Motion to Compel Prosecution to Move to Reduce Sentence" on May 28, 1997, contending that the prosecutor advised Petitioner's counsel that if

Petitioner provided substantial assistance to law enforcement, the prosecutor would file a motion to reduce Petitioner's sentence (Doc. 8, Ex. A-1 at 89-94). Petitioner further alleged that he had met with law enforcement and provided truthful information regarding the buying and selling of marijuana (*id.* at 92). Following oral argument on June 2, 1997, the court denied Petitioner's motion to compel a sentence reduction (*id.* at 9-62). Later the same day, Petitioner pled nolo contendere to all counts as charged in the information in exchange for an opportunity to provide substantial assistance within 120 days (*id.* at 65-87, 97-98). Because the trial court's denial of Petitioner's motion occurred prior to the entry of Petitioner's plea, Petitioner is precluded from raising this issue in a habeas corpus petition. Petitioner may only challenge the voluntary and intelligent nature of the plea by showing the advice he received from counsel was not within the proper standards. Tollett, 411 U.S. at 267. However, as explained above, Petitioner did not fairly present a federal claim of ineffective assistance of counsel to the state courts, and is now precluded from doing so.

> C. "Ground three: The trial court erred in denying the Petitioner's 'Motion to Dismiss' where [the] record supported the Petitioner's claim of police misconduct."

Petitioner argues that his involvement in the "cocaine aspect of the crime" was induced by police misconduct and Counts One and Two should be remanded for dismissal (Doc. 4 at 5b). Respondent contends that this ground was not fairly presented, in terms of a federal claim, to the state courts (Doc. 7 at 21). Respondent further contends that, even if a federal claim was fairly presented, it was waived by Petitioner's nolo contendere plea (*id.*).

On direct appeal, Petitioner contended that the trial court erred in denying his motion to dismiss based on police misconduct, specifically arguing that the conduct of the police violated the Due Process Clause of the United States Constitution (Doc. 8, Ex. A-6 at 7). Accordingly, this court concludes that Petitioner's federal due process claim was fairly presented to the state courts. *See*, Zeigler 345 F.3d at 1307.

However, Petitioner waived his due process claim when he entered his nolo contendere plea. As noted above, on June 2, 1997, Petitioner filed a motion to dismiss the information alleging that the police "manufactured the crime" (Doc. 8, Ex. A-1 at 95). Following oral argument, the court denied Petitioner's motion (*id.* at 9-62). Shortly thereafter, Petitioner pleaded nolo contendere to all counts as charged (*id.* at 65-87, 97-98). Because the trial court's denial of Petitioner's motion

to dismiss occurred prior to the entry of Petitioner's plea, Petitioner is precluded from raising this issue in a habeas corpus petition.

Accordingly, it is **ORDERED**:

That the clerk of court is directed to change the docket to reflect that James R. McDonough is substituted for James Crosby as Respondent.

And it is respectfully **RECOMMENDED**:

That the amended petition for writ of habeas corpus (Doc. 4) be **DENIED** with prejudice.

At Pensacola this 23rd day of June 2006

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES DISTRICT JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**